UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JESUS ARREOLA CASTILLO, | ) |
| Petitioner, | ) ) ) |
| vs. | ) No. 1:17-cv-03437-SEB-DML ) |
| UNITED STATES OF AMERICA, | ) ) |
| Respondent. | ) |

**Entry Dismissing Motion for Section 2255 Relief
and Denying Certificate of Appealability**

### I. Motion to Vacate

Petitioner Jesus Arreola Castillo filed a motion to reduce sentence under the "Holloway Doctrine" pursuant to writ of *audita querela* and or Rule 60(d). Dkt. 2. The motion was treated as a motion for relief under 28 U.S.C. § 2255 and this new civil action was opened.

Mr. Arreola Castillo was convicted of participating in a conspiracy to distribute more than 1,000 kilograms of marijuana in No. 1:05-cr-064-SEB-MJD-7. He was sentenced to a mandatory minimum sentence of life because he had been convicted of three previous felony drug offenses. His sentence was affirmed on appeal. *See United States v. Arreola-Castillo,* 539 F.3d 700 (7th Cir. 2008). Mr. Arreola Castillo filed a motion to vacate sentence under 28 U.S.C. § 2255 on November 30, 2009, in No. 1:09-cv-01476-SEB-DML. That action was denied on the merits and dismissed on November 7, 2012.

Mr. Arreola Castillo was also allowed to file a second motion for section 2255 relief in No. 1:14-cv-2118-LJM-DML because in that case his claim had not become ripe until after the adjudication of his first motion. That action was denied on the merits and dismissed on January 11, 2017.

As to this third collateral attack on his sentence, this Court lacks jurisdiction to entertain a second or successive motion for section 2255 relief absent specific authorization from the Circuit Court of Appeals. *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007); 28 U.S.C. §§ 2255(h) & 2244(b); Rule 9, *Rules Governing Section 2255 Proceedings for the United States District Courts*. Mr. Arreola Castillo has not shown that he sought authorization from the Seventh Circuit Court of Appeals before filing this action. Accordingly, this action must be **dismissed** for lack of jurisdiction pursuant to Rule 4 of the *Rules Governing Section 2255 Proceedings for the United States District Courts.*

Even if this case had not been treated as a motion for relief under § 2255, Mr. Arreola Castillo's claim is meritless. The purported "Holloway Doctrine," takes its name from a case filed in the Eastern District of New York, *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014). In *Holloway*, hardly the progenitor of a "doctrine," *see United States v. Horton*, No. 2:12-CR-00007-F1, 2016 U.S. Dist. LEXIS 78611 (E.D.N.C. June 16, 2016) (observing that the Holloway Doctrine is not so much a doctrine as it is "a single case carrying no precedential weight in this court"), a district court vacated two of the defendant's convictions and was therefore able to resentence the defendant to a lesser term of incarceration; however, the salient factor was the prosecutor's decision to agree to the vacatur. Since *Holloway*, pro se defendants in numerous jurisdictions have unsuccessfully argued that the case stands for the proposition that sentencing courts have authority to unilaterally reduce defendants' sentences. *See, e.g., Stutson v. United States,* 2:17-cv-8034-LSC, 2017 WL 4572315 (N.D. Ala. Oct. 13 2017); *Hagler v. United States,* 1:10-cv-51, 2017 WL 3188358 (N.D.Ind. July 25, 2017); *United States v. Sumner*, 210 F.Supp.3d 21 (D.D.C. 2016); *Brown v. United States*, No. 1:00-CR-290, 2016 WL 4745822, at *2 (N.D. Ohio Sept. 13, 2016); *Acuna v. United States*, No. 07-00615,

2016 WL 3747531, at *2 (D. Haw. July 8, 2016). Mr. Arreola Castillo does not present circumstances similar to those presented to the Eastern District of New York, nor is that court's decision binding on this one. His *Holloway* claim is meritless. Judgment consistent with this Entry shall now issue.

**This Entry shall be docketed in the underlying criminal action, No. 1:05-cr-0064-SEB-MJD-7.**

## II. Denial of Certificate of Appealability

The Court finds that reasonable jurists would not find it "debatable whether [this court] was correct in [this] procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore **denies** a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); Rule 11(a), *Rules Governing Section 2255 Proceedings for the United States District Courts*.

**IT IS SO ORDERED.**

Date: 10/19/2017

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JESUS ARREOLA CASTILLO
31810-051
HERLONG – FCI
HERLONG FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 800
HERLONG, CA 96113

NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.